UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| JUSTIN RUSSO,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LIVINGSTON, et al.,<br><br>Defendants. | Case No. 25-cv-09294-AMO (PR)<br><br>**ORDER GRANTING PLAINTIFF A THIRD EXTENSION OF TIME TO FILE COMPLETED *IN FORMA PAUPERIS* APPLICATION; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 3 |

Plaintiff Justin Russo, a state prisoner, filed the instant civil rights action pursuant to 42 U.S.C. § 1983, representing himself. On October 29, 2025, the Clerk of the Court sent Russo a notice informing him that his action could not go forward as he had not filed a completed prisoner's *in forma pauperis* ("IFP") application. Dkt. 4. The Clerk provided him with a blank IFP application form, along with a return envelope, instructions, and a notification that he must either pay the full filing fee or return the completed IFP application within twenty-eight days, or his action would be dismissed. *Id.*

On December 4, 2025, Russo filed an IFP application. Dkt. 5. However, this IFP application is incomplete because he did not include a copy of his prisoner trust account statement for the previous six months. Thus, Russo failed to comply with the Clerk's notice requiring either a completed IFP application or payment of the full filing fee by the twenty-eight day deadline, which had since passed. However, Russo informed the Court that he had been transferred to North Kern State Prison. Dkt. 7.

On April 13, 2026, the Court granted Russo an extension of time to complete his IFP application and directed the Clerk to send him a blank prisoner IFP application by mail. Dkt. 8. The Court instructed Russo to file his prisoner trust account statement for the previous six months within twenty-eight days and warned him that failure to do so on or by the deadline would result

in the dismissal of this action without prejudice. *Id.* at 1-2.

On May 7, 2026, Russo filed a motion for a second extension of time to file his IFP application, explaining that he had only recently received the Court's April 13, 2026 Order and that it would take additional time to obtain the necessary materials to complete his IFP application. Dkt. 9. On May 13, 2026, the Court granted Russo's request for a second extension. Dkt. 11. However, on June 3, 2026, the Court's May 13, 2026 Order was returned to the Court as undeliverable. Dkt. 12. The record shows that Russo has since been transferred to Pleasant Valley State Prison.

Good cause appearing, based on Russo's most recent transfer, the Court on its own motion **GRANTS** Russo a third extension of time to file a completed IFP application. No later than **twenty-eight (28) days** from the date of this Order, Russo shall file his prisoner trust account statement for the previous six months. The failure to do so on or by the twenty-eight-day deadline will result in the dismissal of this action without prejudice.

Also, Russo has filed a motion for appointment of counsel. Dkt. 3. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims as a self-represented litigant in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine Russo's likelihood of success on the merits. Moreover, Russo has been able to articulate his claims adequately as a self-represented litigant in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390

United States District Court
Northern District of California

F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, the request for appointment of counsel is **DENIED** without prejudice.[1]  Dkt. 3.

The Clerk shall send Russo a blank prisoner IFP application form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated:   6/18/2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1]  The Court may of course consider appointing of counsel later in the proceedings; that is, after Russo has filed a completed IFP application, the Court has reviewed the complaint to serve any cognizable claims, and Defendants have filed their dispositive motion.  At that time, the Court will be in a better position to consider the procedural and substantive matters at issue.  Russo may therefore file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.

3